UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| ALEXANDER G. DIGENIS, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00101-SEB-KMB |
| | ) | |
| ELI R. HALLAL, M.D., | ) | |
| SUSAN P. HALLAL, | ) | |
| ELI R. HALLAL M.D., LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

Plaintiff Alexander Digenis ("Dr. Digenis") brought this lawsuit against Defendants Eli Hallal ("Dr. Hallal"), Susan Hallal ("Mrs. Hallal"), and Eli R. Hallal M.D., LLC (the "LLC") (collectively "Defendants") to collect a $147,230.28 judgment entered by a Kentucky court against Dr. Hallal. Dr. Digenis alleges that Dr. Hallal has fraudulently transferred his nonexempt assets to thwart Dr. Digenis's collection efforts. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Dr. Hallal has moved to dismiss the complaint for failure to state a claim upon which relief can be granted. Dkt. 10. As explained below, Defendants' motion is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

We take the following factual allegations in the complaint as true, as is required on a motion to dismiss. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

In January 2013, Dr. Digenis won a $147,230.28 judgment (hereinafter the "Judgment") against his former co-investor, Dr. Hallal, in Kentucky state court. Two years

1

later, in 2015, Dr. Digenis domesticated the Judgment in Indiana, Dr. Hallal's state of citizenship, and began collection proceedings. An Indiana state court authorized Dr. Digenis to garnish Dr. Hallal's wages at a biweekly rate of approximately $700. This arrangement continued until 2019, at which point Dr. Hallal's employment was terminated.

On July 29, 2021, pursuant to a court order, Dr. Hallal submitted to a telephonic deposition intended to uncover any nonexempt property that might be available to satisfy the remaining Judgment balance. According to Dr. Hallal's deposition testimony, he practices medicine full-time on behalf of the LLC, where he is also the sole medical practitioner. Though the LLC bills patients for Dr. Hallal's services, Dr. Hallal testified that he himself receives no compensation. This arrangement, we are told, contradicts Dr. Hallal's prior post-judgment testimony, wherein he had indicated that he did receive income from the LLC. Based on Dr. Hallal's conflicting testimony, Dr. Digenis alleges that Dr. Hallal began rendering professional medical services for no consideration no later than July 2021.

During the July 2021 deposition, Dr. Hallal represented his wife, Mrs. Hallal, as the LLC's sole owner, despite also identifying her primary occupation has "Housewife." Compl. ¶ 25, dkt. 1. Nevertheless, as the sole owner, Mrs. Hallal receives all the LLC's profits. Dr. Digenis reasons that even though Dr. Hallal disclaims LLC income for himself, the LLC's profits, which are generated by invoices for Dr. Hallal's services, ultimately comprise the Hallals' "only source of household income." *Id.*

What's more, Dr. Digenis avers, Dr. Hallal also renounced ever having owned an interest in the LLC—despite years' worth of public filings with the Secretary of State

2

belying such a claim. Indeed, from the LLC's founding in 2015 through July 2021, public filings identify Dr. Hallal as the sole member. *See generally* Compl. Ex. 2, dkt. 1-2. On July 30, 2021—the day following his deposition—Dr. Hallal submitted a "Change of Officer" form on the LLC's behalf that named Mrs. Hallal as the LLC's sole member and Dr. Hallal as its president. Based on this suspicious timing, Dr. Digenis alleges that Dr. Hallal transferred his interest in the LLC to Mrs. Hallal to thwart Dr. Digenis's ongoing collection efforts.

During the July 2021 deposition, Dr. Hallal also disclosed that he and Mrs. Hallal jointly owned a non-retirement brokerage account with Edward Jones Investments (the "Edward Jones Account"). Shortly after the deposition, Dr. Digenis subpoenaed Edward Jones documents, which revealed that, around the time of the July 2021 deposition, Dr. Hallal had transferred almost the entire balance of the Edward Jones Account—over $26,000—to a new account held solely in Mrs. Hallal's name. Soon thereafter, Mrs. Hallal liquidated her account.

Dr. Digenis alleges that Mrs. Hallal has operated the LLC as a façade, treating it as a mere instrumentality to protect Dr. Hallal's assets from the Judgment. In relevant part, Dr. Digenis avers that the LLC is undercapitalized and that both Dr. Hallal and Mrs. Hallal regularly use company funds to pay personal expenses, which Dr. Hallal apparently admitted in his deposition. Dr. Digenis further alleges that, because Mrs. Hallal is not a licensed physician, Indiana law prohibits her from owning the LLC. Through their evasive maneuvers, Dr. Digenis alleges, the Hallals have effectively rendered Dr. Hallal judgment proof.

On June 14, 2023, Dr. Digenis initiated this lawsuit against Defendants, alleging that their actions amount to fraudulent transfer and civil conspiracy. On July 24, 2023, Defendants filed their Motion to Dismiss, dkt. 10, to which they also attached an affidavit from Dr. Hallal, dkt. 10-1. The motion is now briefed, albeit without the benefit of Defendants' reply, and awaits a ruling.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). However, to maintain a fraud claim, "a party must state with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b). To satisfy the pleading standards under Rule 9(b), plaintiffs typically must aver the "who, what, when, where, and how." *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009).

To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim becomes facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When ruling on a motion to dismiss, we must construe "all well-pleaded allegations of the complaint as true and view[ ] them in the light most favorable to the plaintiff." *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000).

## DISCUSSION

When evaluating a motion to dismiss for failure to state a claim, district courts are limited to reviewing the factual allegations contained in the pleadings, which includes "documents attached to or referenced in the pleading if they are central to the claim." *Citadel Grp. Ltd. v. Washington Reg'l Med. Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012); *see also Thompson v. Illinois Dep't of Prof'l Regul.*, 300 F.3d 750, 735 (7th Cir. 2002) (explaining that, on a Rule 12(b)(6) motion, courts are restricted to the complaint, any attached exhibits, and the supporting briefs). Indeed, "because Rule 12(b)(6) assesses the sufficiency of the complaint, it would be a legal error to consider an affidavit filed by a defendant that contradicts the complaint's allegations." *Barker v. Kapsch Trafficcom USA, Inc.*, No. 1:19-cv-00987-TWP-MJD, 2020 WL 2832092, at *6 (S.D. Ind. June 1, 2020).

Here, Defendants maintain that Dr. Digenis's factual allegations are "patently false." Defs.' Mot. Dismiss, dkt. 10. To demonstrate this point, they have submitted Dr. Hallal's one-page affidavit, wherein he attests to Mrs. Hallal's "significant role" in the LLC's operation and to the Edward Jones Account's funds originating solely from Mrs. Hallal's inheritance.

Whatever the merit of Defendants' contentions might be, courts "cannot simply reject [a plaintiff's] allegations just because [a defendant] denies them." *Adams v. Waupaca Foundry*, No. 3:17-CV-00140-WCG, 2017 WL 6493090, at *3 (S.D. Ind. Dec. 19, 2017). Defendants here have challenged only the veracity—*not* the legal sufficiency—of Dr. Digenis's factual allegations. To that end, Defendants' disagreement with the allegations is plainly irrelevant at this stage of the proceedings.

5

"To withstand a Rule 12(b)(6) challenge . . . , 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.' " *Est. of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010)). Dr. Digenis's Complaint has averred with sufficient particularity the underlying facts that give rise to a plausible claim. Defendants have presented no legally supported argument to the contrary. Taking Dr. Digenis's factual allegations as true, we hold that he has satisfied the pleading standards imposed by our Federal Rules of Civil Procedure 8 and 9. Defendants' motion must be and is therefore denied.

## CONCLUSION

For the reasons explicated above, Defendants' Motion to Dismiss, dkt. 10, is **DENIED**. The case shall proceed accordingly.

IT IS SO ORDERED.

Date: 2/16/2024

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Christopher Austin Bates
Seiller Waterman LLC
bates@derbycitylaw.com

Neil C. Bordy
SEILLER WALTERMAN LLC
bordy@derbycitylaw.com

David S. Kaplan
KAPLAN & PARTNERS LLP
dkaplan@kaplanjohnsonlaw.com

Michael C. Merrick
KAPLAN JOHNSON ABATE & BIRD LLP
mmerrick@kaplanjohnsonlaw.com

Burt Anthony Stinson
Kaplan Johnson Abate & Bird LLP
cstinson@kaplanjohnsonlaw.com